IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES BRYANT, | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO. 4:CV-15-820 |
| KAREN KASKIE, ET AL., | : | (Judge Brann) |
| Defendants | : | |

**MEMORANDUM**

February 16, 2016

**Background**

James Bryant, an inmate presently confined at the State Correctional Institution, Camp Hill, Pennsylvania (SCI-Camp Hill) filed this pro se civil rights action. Named as Defendants are two officials at Plaintiff's prior place confinement, the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Twp.), Superintendent Vincent Mooney and Nurse Practitioner Karen Kaskie. An Amended Complaint (Doc. 11) was previously submitted.[1]

Plaintiff alleges that while incarcerated at SCI-Camp Hill on October 17,

---

[1] The only discernible difference between the Original and Amended Complaints is a corrected address for Defendant Kaskie.

1

2012 he was prescribed the medication Risperidone (Risperdal).[2] Bryant was subsequently transferred to SCI-Coal Twp. and allegedly remained on the medication until March 15, 2013. He generally asserts that members of the SCI-Coal Twp. Medical Department ignored his multiple requests that he was suffering gynecomastia (development of female breasts), a known side effect of Risperidone. The Amended Complaint seeks injunctive relief and compensatory damages.

Defendant Kaskie has responded to the Amended Complaint by filing motion to dismiss for failure to state a claim.[3] See Doc. 18. The opposed motion is ripe for consideration.

 **Discussion**

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be

---

[2] Risperidone is an antipsychotic medication.

[3] Defendant Mooney has also filed a motion to dismiss which will be addressed separately.

2

drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

A plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Id. at 556. A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 679.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555. The reviewing court must determine whether the complaint "contain[s] either direct or inferential

3

allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action). Additionally, pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Medical Treatment**

Nurse Kaskie claims entitlement to entry of dismissal on the grounds that the Amended Complaint fails to set forth a viable claim of deliberate indifference "as a matter of law" because it only generally alleges that she was employed as a nurse practitioner at SCI-Coal Twp. at all relevant times. Doc. 15, p. 3. She elaborates that there are no allegations that she prescribed, administered or monitored Plaintiff's Risperidone usage. Furthermore, the Amended Complaint does not maintain that the Moving Defendant was asked to provide Bryant with assistance after he allegedly began experiencing side effects and ignored such requests.

In an opposing brief, Plaintiff states that "Defendant Kaskie was the only medical person that saw the Plaintiff on a regular basis and was named in the

4

grievances that the Plaintiff filed." Doc. 16-1, p. 1. He generally adds that Kaskie was "required to be aware of the side effects of Risperidone" and failed to heed the warnings. Id. at p. 2. A reply brief by Kaskie notes that the allegations set forth in the opposing brief were not included in the Amended Complaint and as such have not been properly raised. See Doc. 19. Be that as it may, the Moving Defendant adds that even if those vague assertions are considered, they do not provide sufficient factual support for a claim of deliberate indifference.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Furthermore, federal civil rights claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)).  In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need.  See Spruill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).  In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component).  Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Mines v. Levi, 2009 WL 839011 *7 (E.D. Pa. March 26, 2009)(quoting Colburn v. Upper Darby Twp., 946 F.2d 1017, 1023 (3d Cir. 1991)); Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347. "[I]f unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the

serious nature contemplated by the Eighth Amendment." Young v. Kazmerski, 266 Fed. Appx. 191, 193 (3d Cir. 2008)(quoting Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347).

With respect then to the serious medical need requirement, the Complaint seeks relief with respect to Plaintiff's alleged development of Gynecomastia as a side effect of his taking the medication Risperidone.  This Court will accept at this juncture of the proceeding that the serious medical need requirement has been satisfied.

With respect to the subjective deliberate indifference component of Estelle, the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 841 (1994).  A complaint that a physician "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

When a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).  It

is true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation. See id. However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented. See id.; Ordonez v. Yost, 289 Fed. Appx. 553, 555 (3d Cir. 2008) ("deliberate indifference is proven if necessary medical treatment is delayed for non-medical reasons.").

It should be noted that this is not a case where Plaintiff is alleging that he was denied any medical treatment or that medication or care was delayed. It is also undisputed that the medication at issue was not prescribed by the Moving Defendant but rather by a doctor at Plaintiff's prior place of confinement. While Plaintiff states that he was on the medication from October17, 2012 until March 15, 2013, the Amended Complaint does not indicate when Plaintiff arrived at SCI-Coal Twp. and perhaps more importantly when Kaskie allegedly became involved in his care. It is equally unclear as to when Bryant began suffering side effects from the medication (i.e. before or after his arrival at SCI-Coal Twp.). There are also no facts presented which would show that Kaskie was actually aware that Inmate Bryant was developing gynecomastia and failed to take timely and appropriate measures in response

In Davidson v. Cannon, 474 U.S. 344, 347-48 (1986), the United States

Supreme Court noted that although a lack of due care had resulted in serious injury to an inmate plaintiff, "that lack of care simply does not approach the sort of abusive government conduct" which would warrant recovery under § 1983. Id. at 347-348. Simply put, allegations of negligence "do not trigger constitutional protections." Whooten v. Bussanich, No. 07-1441, slip op. at 4 (3d Cir. Sept. 12, 2007)(citation omitted).[4]

> As noted above, this is clearly not a situation where Plaintiff is alleging that he was not provided with required medical attention. Given the vagueness of the Amended Complaint, at best Bryant's allegations represent his disagreement with the quality of the medical care provided to him, claims which are not actionable in a civil rights action pursuant to the standards announced in Davidson and Whooten. Consequently, Defendant Kaskie's motion to dismiss will be granted.

BY THE COURT:

  s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[4] There is no discernible request by Plaintiff that this Court exercise supplemental jurisdiction over a state law negligence claim. See 28 U.S.C. § 1367