# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES BRYANT, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL NO. 4:15-CV-820 |
| KAREN KASKIE, ET AL., | : | (Judge Brann) |
| Defendants. | : | |

## ORDER

MAY 16, 2017

**Background**

This pro se civil rights action was filed by James Bryant, an inmate presently confined at the Mahanoy State Correctional Institution, Frackville, Pennsylvania (SCI-Mahanoy). By Memorandum and Order dated February 16, 2016, Defendant Kaskie's motion to dismiss the amended complaint for failure to state a claim was granted. Plaintiff alleges that Remaining Defendant Superintendent Mooney violated his constitutional rights during his prior confinement at the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Twp.). Presently pending is Plaintiff's request seeking appointment of counsel. See Doc. 49.

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, this Court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The Third Circuit has similarly held that "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citation omitted). Montgomery also reiterated that the criteria developed in Tabron should be employed in addressing the appointment of counsel issue.

In a non-precedential decision, Gordon v. Gonzalez, No. 04-4623, 2007 WL 1241583 * 2 n. 4 (3d Cir. April 30, 2007), the Third Circuit added that two other factors to be taken into consideration are: (1) the court's willingness to aid the indigent party in presenting his or her case; and (2) the available supply of lawyers

2

willing to accept § 1915(e) requests within the relevant geographical area.

Bryant's pending request fails to set forth sufficient special circumstances or factors that would warrant appointment of counsel at the present time. <u>Tabron</u>, <u>supra</u>, at 155-56. In the pleadings submitted by Plaintiff to date, he has demonstrated that he is presently capable of presenting comprehensible arguments. Furthermore, this Court's liberal construction of <u>pro</u> <u>se</u> pleadings, <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), coupled with Bryant's current ability to litigate this action <u>pro</u> <u>se</u>, mitigate against the appointment of counsel. In addition, the legal issues here are relatively uncomplicated, and the Court cannot say, at least at this point, that Plaintiff will suffer substantial prejudice if he is forced to prosecute this case on his own.

Therefore, Bryant's request for appointment of counsel is denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either <u>sua</u> <u>sponte</u> or upon a motion properly filed by the Plaintiff.

**NOW, IT IS HEREBY ORDERED** that:

Plaintiff's request (Doc. 49) seeking appointment of counsel is

**DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge