# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES BRYANT, | : | No.: 4:15-CV-00820 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| VINCENT MOONEY, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### MAY 2, 2018

**I.     BACKGROUND**

This *pro se* civil rights action was initiated by James Bryant, an inmate presently confined at the Mahanoy State Correctional Institution, Frackville, Pennsylvania (SCI-Mahanoy). An Amended Complaint (Doc. 11) was previously filed.

By Memorandum and Order dated February 16, 2016, Defendant Nurse Practitioner Karen Kaskie's motion to dismiss for failure to state a claim was granted. Plaintiff appealed that decision to the United States Court of Appeals for the Third Circuit. Plaintiff subsequently notified this Court that his appeal had been dismissed by the Third Circuit for lack of appellate jurisdiction. *See* Doc. 45.

The remaining Defendant is Superintendent Vincent Mooney of the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Twp.), Plaintiff's prior place confinement. According to the Amended Complaint, on October 17, 2012, while incarcerated at the State Correctional Institution, Camp Hill, Pennsylvania (SCI-Camp Hill), Bryant was prescribed Risperidone (Risperdal), an anti-psychotic medication. Bryant was subsequently transferred to SCI-Coal Twp. and he allegedly remained on this medication until March 15, 2013. The Amended Complaint generally contends that members of the SCI-Coal Twp. Medical Department ignored Bryant's multiple requests that he was suffering gynecomastia (development of female breasts), a well-known side effect of Risperidone. Plaintiff seeks injunctive relief and compensatory damages.

Superintendent Mooney has responded to the Amended Complaint by filing a motion to dismiss for failure to state a claim. *See* Doc. 23. The opposed motion is now ripe for consideration.

## II. DISCUSSION

### A. Standard of Review

As previously discussed in my February 16, 2016 Memorandum and Order, Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. A court when ruling on a motion to dismiss under Rule 12(b)(6), must "accept as true all factual

allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007)(quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)).

In order to demonstrate a plausible right to relief, a plaintiff must present facts that, if true, would show that he or she is entitled to relief. *See* Fed. R. Civ. P. 8(a), *see also, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This provision requires a plaintiff to present "enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of his cause of action. *Id*. at 556. A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. A plaintiff's legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. *See id.* at 679.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. A court considering a motion to dismiss must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain

recovery under some viable legal theory." *Id*. at 562; *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action). I note that *pro se* pleadings are to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. Personal Involvement

Defendant Mooney claims entitlement to entry of dismissal because the Amended Complaint fails to allege a discernible claim that he was personally involved in any constitutional misconduct. *See* Doc. 24, p. 4. Superintendent Mooney asserts that although he is named as a Defendant, there are no allegations that he was involved at all in Plaintiff's medical treatment at SCI-Coal Twp.

In an opposing brief, Bryant states that Superintendent Mooney has total oversight of SCI-Coal Twp. and has the responsibility to investigate prisoner grievances. *See* Doc. 27, p. 1. The Plaintiff alleges that Defendant Mooney rubber stamps the actions of the prison medical staff and acted improperly with respect to his handling of Bryant's institutional grievances.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right,

-4-

privilege, or immunity secured by the Constitution or laws of the United States. *See Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). To establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. *See Spruill v. Gillis*, 372 F.3d 218, 235-36 (3d Cir. 2004); *Natale v. Camden Cty. Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

That said, federal civil rights claims brought under § 1983 cannot be premised on a theory of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See Rizzo v. Goode*, 423 U.S. 362 (1976). As explained in *Rode*:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode*, 845 F.2d at 1207.

Furthermore, prisoners have no constitutionally protected right to a grievance procedure. *See Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-38 (1977)(Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); *Speight v. Sims*, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.") . While prisoners do have a constitutional right to seek redress of their grievances from the Government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure).

Although the Amended Complaint lists Superintendent Mooney as a Defendant, there are no other factual assertions set forth regarding him. As such, and based on the arguments set forth in Plaintiff's opposing brief, it is apparent that Bryant is improperly attempting to establish liability against Defendant Mooney based upon either his supervisory capacity at SCI-Coal Twp. or his failure to take action in response to Bryant's medical grievances.

In light of the standards set forth in *Rode*, the Amended Complaint, to the extent that it seeks to establish liability against Defendant Mooney under a theory

of *respondeat superior*, is subject to dismissal. Likewise, any attempt by Plaintiff to pursue a claim against Superintendent Mooney based upon his handling of an administrative grievance or complaint does not support a constitutional claim. *See Alexander v. Gennarini*, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability). Furthermore , the United States Court of Appeals for the Third Circuit in *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993) recognized that a non-physician defendant such as Superintendent Mooney cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints when the inmate is already receiving treatment by the prison's medical staff.

There are no viable assertions of personal involvement set forth in the Amended Complaint which could establish that Defendant Mooney was personally involved in constitutional misconduct here. Entry of dismissal in his favor is therefore proper. An appropriate Order follows

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge